UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MADELEINE SLAUGHTER-YOUNG | CIVIL ACTION |
| VERSUS | NO. 22-465-SDD-RLB |
| STATE OF LOUISIANA | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 16, 2022.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MADELEINE SLAUGHTER-YOUNG             CIVIL ACTION

VERSUS                                                  NO. 22-465-SDD-RLB

STATE OF LOUISIANA

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This report and recommendation is issued *sua sponte*.

On or about June 3, 2022, Madeleine Slaughter-Young ("Plaintiff"), who was formally employed as an Assistant Attorney General in the Criminal Division of the Louisiana Department of Justice in Monroe, initiated this employment discrimination action in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana. (R. Doc. 1-1 at 3-6). In the Petition, Plaintiff seeks damages from the State of Louisiana, though Louisiana Department of Justice ("Defendant") for alleged age-based discrimination/harassment under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*, and Louisiana Employment Discrimination Law ("LDEL"), La R.S. 23:301, *et seq*.

On July 12, 2022, Defendant removed the action, asserting the Court can exercise subject matter jurisdiction under 28 U.S.C. § 1331 (the federal question jurisdiction statute) and/or 28 U.S.C. § 1343 (the civil rights and elective franchise jurisdiction statute) in light of the alleged violation of the ADEA. (R. Doc. 1). The Notice of Removal implicitly sought an exercise of supplemental jurisdiction over Plaintiff's LDEL claim under 28 U.S.C. § 1367(a).

On July 18, 2022, Plaintiff filed a Motion for Leave to File Supplemental, Amending, and Restated Complaint, which sought leave to remove the ADEA claim. (R. Doc. 4). In support of the motion, which was filed less than a week after removal, Plaintiff asserted that the inclusion of

1

the ADEA claim was made in error. Defendant did not oppose Plaintiff's Motion for Leave to File Supplemental, Amending, and Restated Complaint within the time allowed under Local Rule 7(f). Given that the motion was unopposed, the Court entered Plaintiff's Supplemental, Amending, and Restated Complaint into the record. (R. Docs. 8, 9).

Given that the ADEA claim has been removed from the operative pleading, the Court can no longer exercise subject matter jurisdiction under 28 U.S.C. § 1331 and/or 28 U.S.C. § 1343.[1] The question before the Court is whether to continue the exercise of supplemental jurisdiction over Plaintiff's LDEL claim under 28 U.S.C. § 1367.

"[I]in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction, however, where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011) (citation omitted).

---

[1] The Court properly exercised original jurisdiction under the federal question statute at the time of removal given that the ADEA is a federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). While the Notice of Removal does not clarify the asserted basis for original jurisdiction under 28 U.S.C. § 1343, it appears that Defendant asserted original jurisdiction under that statute on the basis that the ADEA is an "Act of Congress" providing for equal rights or the protection of civil rights. *See* 28 U.S.C. § 1343(a)(3)-(4). At least one court has reached this conclusion. *See Cook v. Pan Am. World Airways, Inc.*, 636 F. Supp. 693, 699 (S.D.N.Y. 1986) ("The Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, which forms the core of plaintiffs' suit, is an 'Act of Congress' within the meaning of 28 U.S.C. § 1343."). In this case, the Court need not reach the issue of whether it was proper to exercise original jurisdiction under 28 U.S.C. § 1343 given that an exercise of original jurisdiction under 28 U.S.C. § 1331 was proper and the ADEA claim has now been removed from the lawsuit.

"Generally, a federal court should decline to exercise jurisdiction over supplemental state law claims when all federal claims are disposed of prior to trial." *Williams v. Louisiana State Bd. of Elementary & Secondary Educ.(BESE)*, No. 09-914, 2010 WL 565390, at *2 (M.D. La. Feb. 17, 2010) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "A federal court should consider and weigh in each case and at every stage of the litigation the principles of judicial economy, convenience, fairness and comity in order to decide whether to exercise supplemental jurisdiction." *Williams*, 2010 WL 565390, at *2 (citing *Carnegie–Mellon*, 484 U.S. at 350). "Furthermore, in deciding whether to decline to exercise jurisdiction over the state law claims, the court considers a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Williams*, 2010 WL 565390, at *2 (citing *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997)). "When the balance of factors indicates that a case properly belongs in state court, such as when the federal law claims have dropped out of the suit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction." *Williams*, 2010 WL 565390, at *2 (citing *Carnegie-Mellon*, 484 U.S. at 350 n. 7).

Given that Plaintiff's sole federal claim under the ADEA has been removed from this action, the Court can properly exercise its discretion in declining supplemental jurisdiction over the remaining state law claim under the LDEL. Plaintiff has represented that the ADEA claim was inadvertently alleged prior to removal. Plaintiff was diligent in seeking to remove the ADEA claim from the operative pleading after removal of the action to federal court. Defendant did not oppose the amendment removing the ADEA claim (and the sole basis for original jurisdiction)

3

from this action. Judicial economy, convenience, fairness and comity all support remand of this action, which now only involves a discrimination claim under Louisiana law.

Based on the foregoing,

**IT IS RECOMMENDED** that the district judge decline to exercise supplemental jurisdiction over Plaintiff's state law claim, and **REMAND** this action to the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on August 16, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**